Nolan v. Manton.

---

ANASTASIA NOLAN v. JAMES MANTON, ADMINISTRATOR OF JOHN MANTON, DECEASED.

46  231
54  515
46  231
51e 378

1. Privity of contract, express or implied, is necessary to the maintenance of an action for money had and received.

2. A widow received from a savings bank money deposited by her husband in his own name. Letters of administration on the husband's estate were afterwards obtained by another person. In a suit against her by the administrator for money had and received—*Held*—

1. That if the defendant received the money on an undertaking to pay it to an administrator when one should be appointed, or to hold it for the benefit of the husband's estate, the trust would enure to the benefit of the administrator when letters were taken out, and thereupon a contract to pay him would be implied, on which he might sue.

2. That if the defendant claimed the money as her own money—de-

manded it of the bank as her own—and the officers of the bank, recognizing her as the right owner of the money, paid it to her as money belonging to her in her own right, and she received it as such without any undertaking to hold it for another, the action could not be maintained, for the want of privity of contract.

On writ of error to the Middlesex Circuit.

Argued at February Term, 1884, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and VAN SYCKEL.

For the plaintiff in error, *E. Cutter* and *A. V. Schenck.*

*Contra, J. W. Beekman.*

The opinion of the court was delivered by

DEPUE, J.    John Manton died January 6th, 1877, leaving a widow and several children surviving.    At the time of his death there was to his credit in the Emigrant Industrial Savings Bank, in New York city, the sum of $1007.43.    The bank-book, which was the evidence of the deposit, was in his name alone.    In January, 1878, the sum so deposited, with interest, amounted to $1063.67.

After his death, his widow, without letters of administration, received this money from the bank in several sums, between January 27th, 1878, and March 6th, 1879.    She intermarried with one Nolan in September, 1882.    In May, 1883, the plaintiff, a son of the deceased, took out letters of administration on the estate of his father, and then brought this suit against Mrs. Nolan to recover of her the money. The action is in *assumpsit* for money had and received.

The evidence on the part of the plaintiff tended to show that the defendant obtained the money with the understanding that she was to hold it until an administrator should be appointed, and then account for it.    On this presentation of the case, the defendant received the money on an express trust—upon an undertaking to pay it to an administrator

when one should be appointed. This trust enured to the benefit of the administrator when letters of administration were taken out, and thereupon a contract to pay him was implied. *Com. Dig.*, *"Action on the Case,"* *E*; 2 *Greenl. Ev.*, § 119. The motion to non-suit was therefore properly denied, and the exception on that ground is not sustained.

The defendant, as part of her case, denied that she received this money on any such trust, or upon any trust whatever. She contended, and so testified, that the moneys deposited in the bank from time to time, and making up the account, were her moneys which she had earned, and that they were in fact deposited in the bank in the names of her husband and herself; that she did not discover that the bank-book was in her husband's name alone until after his death; that she demanded the money of the bank as money belonging to her, and that the officers of the bank, being satisfied that she was the " right owner," paid the money to her as such.

On this evidence the defendant's counsel asked the judge to charge that the payment to the defendant by the bank, and the receipt by the defendant of the money on a claim by the defendant that the said money was her money, would not raise an implied promise in law, on the part of the defendant, to pay the money to the plaintiff, and consequently that the action could not be maintained in the absence of proof of an express promise by the defendant to pay the same. The judge refused the request, and charged that if the defendant took the money from the bank when it was not hers, there was an implied assumption that she would return it when requested, whereupon the defendant took an exception.

The only question presented by this exception is whether, by the law of this state, an action for money had and received will lie where the defendant has not received the money in suit on a contract, express or implied, to hold it for the use of the plaintiff—in other words, whether privity of contract, express or implied, is not necessary to give a plaintiff a standing in court to maintain the action.

The leading case in the English courts on this branch of

the law is *Williams* v. *Everett*, 14 *East* 582.   The facts in that case were these: One Kelly, residing abroad, was indebted to several persons in England.   Among his creditors was the plaintiff, Williams.   Kelly remitted bills to the defendants, his bankers, in London, with directions to pay the amount in certain specified proportions to the plaintiff and other of his creditors.   Williams had also received a letter from Kelly, ordering payment of his debt out of that remittance.   Williams showed the letter to the defendants, and offered an indemnity if they would hand over one of the bills to him. The defendants refused to endorse the bill or to act upon the letter, and afterwards received the money on the bills.   Williams then brought his action against the defendants for money had and received to his use.   At the trial he was non-suited on the ground that, the defendants having renounced the terms on which the bills were remitted before the money was actually received, it was only money had and received to the use of the remitter of the bills.   The nonsuit was sustained *in banc* for the reason that there was no assent on the part of the defendants to hold the money for the purposes mentioned in the letter, and that, in order to constitute a privity between the plaintiff and defendants, an assent, express or implied, to receive the money for the plaintiff was necessary.

*Vaughan* v. *Matthews*, 13 *Q. B.* 187, is another precedent to the same effect.   The plaintiff was administrator of Jane Vaughan, who died in March, 1843.   The defendant was executor of Ann Vaughan, who died in March, 1844.   Jane had lent to one Evans £150, and received from him, as security, his promissory note, payable, as was said by the plaintiff, to Miss Vaughan.   After the death of Ann, the defendant, as her executor, brought suit against Evans on the note, alleging it to be payable to Miss Vaughans, and not to Miss Vaughan only, and as Ann survived her sister, she would have the right to enforce payment.   Evans settled the action and paid the amount to the defendant.   The plaintiff alleged that the letter "s" had been fraudulently added to " Vaughan," and

that the defendant had wrongfully received payment from Evans of the promissory note, which really belonged to the plaintiff as administrator of Jane, the payee, who had furnished the consideration. For the defendant it was contended that, admitting the whole of the plaintiff's case as it was stated by him, an action for money had and received could not be maintained. The court directed a nonsuit to be entered. Lord Denman, C. J., delivering the opinion of the court, said : "The defendant received the money in his own right, in payment of a note which, if genuine, would have been his property as executor of Ann Vaughan. The payment was not in respect of a note to which, if genuine, the plaintiff would be entitled ; nor can the defendant be considered as acting in any respect as his agent. The facts stated do not raise the legal inference that the money paid by Evans was had and received by the defendant to the use of the plaintiff. Evans may still be liable to the plaintiff for the money lent to him by Jane Vaughan, if not upon the note, and the defendant may be liable to refund to Evans the money paid by the latter under mistake or misrepresentation ; but there is no contract, express or implied, between the plaintiff and the defendant."

There is also a series of decisions in the courts of New York of like import, which hold that where two claimants for the same money apply for payment to the party from whom it is due, and one of them is recognized as being entitled to it and is paid, to the exclusion of the other, who is, in fact, the one entitled to it, the latter cannot sue the former to recover the money of him, for the reason that the party receiving the money, having received it under a claim of right in himself, the law will not imply any contract or promise by him to hold the money for the use of the other, or to pay it over to him, and that therefore there is not, under such circumstances, any privity of contract on which to found the action. *Patrick* v. *Metcalf*, 37 *N. Y.* 332 ; *Butterworth* v. *Gould*, 41 *Id.* 450 ; *Rowe* v. *Bank of Auburn*, 51 *Id.* 674 ; *Hathaway* v. *Town of Homer*, 54 *Id.* 655 ; *Decker* v. *Saltzman*, 59 *Id.* 275.

There are decisions in the courts of some of our sister states giving to the action of *assumpsit*, as an equitable action, a broader scope, and holding that to warrant the action there need be no privity of contract except that which results from one man having another's money, which he has not a right to retain *in foro conscientiæ*, and which he ought, *ex æquo et bono*, to pay over. But if we were disposed to advance the action up to those limits, we would be restrained by a precedent in this court, which is binding upon us. I refer to the case of *Sergeant and Harris* v. *Stryker*, 1 *Harr.* 464. The facts in that case were these : the sheriff of H. had offered a reward for the apprehension of a prisoner who had escaped from jail. Stryker arrested the prisoner and lodged him in jail. Sergeant and Harris, falsely representing to the sheriff that they had arrested the prisoner and were entitled to the reward, received it of the sheriff. Stryker then sued Sergeant and Harris for the money so received by them of the sheriff, as money received to his use. This court held that the action would not lie. The ground was that there was not between the parties any privity, express or implied, whereon to found the action. Chief Justice Hornblower, in delivering the opinion of the court, cited *Williams* v. *Everett, supra,* with approval, as a case decided upon great consideration. He re-affirmed the doctrine of that case, that privity of contract was necessary to the action, and that could arise only from the receipt of the money under an assent, express or implied, to hold it for the benefit of the plaintiff. That assent, he said could not be implied in that case ; " for the defendants, instead of receiving the money as the money of the plaintiff or for his use, claimed and received it as their own, and wholly deny the plaintiff's right to it." I cannot distinguish the case just cited from the case presented by this exception. There was, at the trial, evidence both ways, and we cannot, on this bill of exceptions, consider on which side the evidence preponderated. The defendant was entitled to the instruction that the action was not maintainable if, in the judgment of the jury, the money was received by her as her own money, under a claim of right to

it and without any assent to hold it for the benefit of the estate, or the administrator, when an administrator should be appointed.

It was also insisted that this action was maintainable against the defendant as an executrix *de son tort*. But it will be observed that this suit is not on an action by a creditor to recover of the defendant as executrix in virtue of assets of the deceased in her hands, nor is she sued as executrix *de son tort*. The *gravamen* of the action is money had and received to and for the use of the plaintiff as administrator of the deceased, and the question presented by the record is whether the money was so received as to create, as between defendant and the plaintiff, that privity which is an essential element of such an action.

For the reason above given, the judgment should be reversed.